RECOGNITION OF PROFESSIONAL Organization Under 70 O.S. 509.2 [70-509.2] (1971), the same majority of professional educators is necessary to elect the individual bargaining representatives of the professional organization as is necessary to designate such organization as their representative, such majority being a majority of professional educators of the school district. In the absence of a statutory provision to the contrary, this election of the individual bargaining representative of the professional organization would be conducted under the auspices of such professional organization. Under 70 O.S. 509.2 [70-509.2] (1971), proper notice in advance of the election would be reasonable notice of the election itself, and of the candidates to be voted on, given in sufficient time as to enable the professional educators of the school district to cast their ballots. The Attorney General has considered your question for an opinion wherein you ask, in effect, the following questions, relating to recognition of a professional organization under 70 O.S. 509.2 [70-509.2] (1971): "1. Is the same majority of professional educators necessary to elect the individual bargaining representatives of the professional organization as is necessary in the first instance to designate such professional organization as their representative? "2. Under whose auspices is the election of the individual bargaining representatives to be conducted? "3. What constitutes proper notice of an election?" Section 70 O.S. 509.2 [70-509.2] provides in part as follows: "The local board of education shall recognize a professional organization that secures authorization signed by a majority of the professional educators designating said organization as their representative for negotiations.***" The term "authorization" in the area of collective bargaining is descriptive of any means of written evidence showing that a member of the bargaining class has authorized a certain group to be that member's professional or bargaining organization, and any such organization may so act as a bargaining agent for employees where such organization has been selected by a majority, 51 C.J.S. Labor Relations, 164, p. 923. Once a professional organization has been so designated, the next step provided in Section 509.2 is as follows: "The bargaining representatives of the professional educators of the district they are to represent at an election called after proper notice is given to all the professional educators of the district***" With regard to the election of bargaining representatives, the above provision clearly provides for a majority vote of the professional educators of the district. General authorities relating to labor relations provide that those persons who are employees within a particular bargaining unit are to be counted in determining majority representation for such bargaining unit, 51 C.J.S. Labor Relations, 171, p. 934. It appears that in each instance under Section 509.2, the designation of a professional organization and the election of bargaining representatives for such professional organization, a majority vote of all professional educators of the school district is required. The majority required to elect individual bargaining representatives is, therefore, the same as the majority required to designate the professional organization. As to your second question, Section 70 O.S. 509.2 [70-509.2] does not expressly state under whose auspices the election of the bargaining representative is to be conducted. Under the general authorities relating to labor relations, the overall purpose of both state and federal legislation on the subject is to safeguard the right of workmen of self-organization and to encourage and protect the practice of collective bargaining through representatives chosen by the workers, and statutes relating to labor relations are intended to keep employer and employee organizations separate and distinct, free from domination by the other, 51 C.J.S. Labor Relations, 27, p. 621. In Humble Oil and Refining Company v. National Labor Relations Board, 113 F.2d 85 (5th Cir., 1940), the Court stated at page 88 of the opinion, as follows: "It is fairly intended that an employer shall take no part in the original formation of a labor organization, or in the subsequent administration of its affairs, either by opposition or by any kind of support." Likewise, it has been held that public policy requires that the collective bargaining process be between completely independent coordinate parties or their authorized representatives, and the essence of collective bargaining is the employee's freedom of choice in the selection of their bargaining representative, 51 C.J.S. Labor Relations, 163, p. 917. The employer must refrain from all acts which interfere with the employees in their free choice of a collective bargaining agent, 51 C.J.S., supra, p. 919. A great volume of authority is cited in support of this proposition. Under Section 70 O.S. 509.2 [70-509.2], it is clear that the election of individual bargaining representatives is both part of the original formation and subsequent administration of the affair of the professional organization and, based on the authorities cited above, is to be free of interference or domination by the employer. It would, therefore, follow that in the absence of a statutory provision to the contrary, the election would be conducted under the auspices of the professional organization. No Oklahoma statute is found directing that such election be held otherwise. Concerning your third question, Section 70 O.S. 509.2 [70-509.2] does not define what is meant by "proper notice in advance of an election." The authorities relating to labor relations, hold that notice of such an election means reasonable notice of the election itself, and of the candidates to be voted on, given to the members of a bargaining unit in sufficient time as to enable them to cast their ballots, New Haven Federation of Teachers v. New Haven Board of Education, 237 A.2d 373 (Conn.S.Ct. 1967); Columbia Transportation Corporation v. Kramer,206 N.Y. Supp. 2d 893 (N.Y.S.Ct. 1960). It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Under 70 O.S. 509.2 [70-509.2] (1971), the same majority of professional educators is necessary to elect the individual bargaining representatives of the professional organization as is necessary to designate such organization as their representative, such majority being a majority of professional educators of the school district. In the absence of a statutory provision to the contrary, this election of the individual bargaining representatives of the professional organization would be conducted under the auspices of such professional organization. Under 70 O.S. 509.2 [70-509.2] (1971), proper notice in advance of the election would be reasonable notice of the election itself, and of the candidates to be voted on, given in sufficient time as to enable the professional educators of the school district to cast their ballots. (Gerald E. Weis)